```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

**CORBIN THOMAS**                        :         **CIVIL ACTION**
                                         :
      **v.**                               :
                                         :
**JOSEPH MCGETTIGAN**, **et al**.        :         **NO. 07-1893**


**M E M O R A N D U M**

DUBOIS, J.                                          JULY     , 2007

      Plaintiff, Corbin Thomas, appearing pro se, alleges that the defendants, the United States Attorney for the Eastern District of Pennsylvania, three Assistant United States Attorneys, a "case agent," two defense attorneys, and eight testifying witnesses,[1] violated his civil rights[2] by conspiring to secure his federal criminal conviction.

      On March 25, 1998, a federal grand jury sitting in the Eastern District of Pennsylvania returned an indictment in USA v. Thomas, et al., 98-cr-00136, charging plaintiff with violation of 21 U.S.C. § 848, Engaging in a Continuing Criminal Enterprise (one count); 21 U.S.C. § 846, Conspiracy to Distribute a Controlled Substance (one count); 18 U.S.C. § 1956(h), Conspiracy to Commit Money Laundering (one count); 21 U.S.C. § 841(a)(1),

---

1. Specifically, plaintiff names the following defendants: United States Attorney Patrick Meehan, Assistant United States Attorney Joseph McGettigan, Assistant United States Attorney Robert Reed, Assistant United States Attorney Manisha Seth, Defense Attorneys Giavonni O. Campbell and Scott O'Keefe, Case Agent Raymond Armstro, and witnesses Robert Biedrzycki, Anthony Caruso, Gary Gordon, Natalie Hamilton, Tina Jones, Jack Lyons, Sharon Ross, and Althea Smith.

2. Plaintiff seeks relief under 42 U.S.C. § 1985(2)(3).

Distribution of Marijuana (seven counts); 18 U.S.C. § 1956(a)(1)(B)(i), Money Laundering (eight counts); 18 U.S.C. § 1512, Obstruction of Justice (one count); 18 U.S.C. § 982(a), Forfeiture (three counts); and 21 U.S.C. § 853, Forfeiture (eight counts).

Plaintiff's criminal trial began on March 28, 2007.  On April 3, 2007, the jury returned a verdict of guilty of Engaging in a Continuing Criminal Enterprise (one count); Conspiracy to Distribute a Controlled Substance (one count); Conspiracy to Commit Money Laundering (one count); Distribution of Marijuana (seven counts); and Money Laundering (eight counts).

Plaintiff alleges in his complaint that: (1) the prosecutors in his criminal case illegally secured false testimony against him and withheld testimony that "would have served to refute, significantly, its claimed conspiracy;" (2) the prosecutors conspired to "assure that Plaintiff had an all white jury . . . [lacking a] representative of Plaintiff's race, cultural background, or national origin . . .; and (3) his defense attorneys failed to provide effective legal assistance.  Plaintiff seek compensatory and punitive damages, criminal and administrative sanctions against the defendants, and unspecified declaratory or injunctive relief.

With his complaint, plaintiff filed a request for leave to proceed in forma pauperis.  As it appears he is unable to pay the cost of commencing this action, leave to proceed in forma pauperis is granted.  However, this complaint will be dismissed

as legally frivolous with leave to amend for the reasons which follow.

**I.      STANDARD OF REVIEW**

Section 1915(e)(2) of Title 28 of the United States Code provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

**II.     DISCUSSION**

   **A.  Claim for Monetary Relief**

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

Id. at 486-87 (footnotes omitted).[3]  Further, district courts are directed to "consider whether a judgment in favor of the

---

3.  Although Heck was brought under 42 U.S.C. § 1983, the Supreme Court's decision in that case is equally applicable to claims brought under §§ 1981, 1983 and 1985.  See McQuillion v. Schwarzenegger, 369 F.3d 1091, 1098 n.4 (9th Cir. 2004); Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999).

3

plaintiff would necessarily imply the invalidity of his conviction or sentence." Id.  Unless the plaintiff can demonstrate that the conviction or sentence has been invalidated, the complaint must be dismissed.

The claims that plaintiff has set forth in this complaint, if proven, would "necessarily imply the invalidity of his conviction or sentence." Id.  Plaintiff has filed no post-trial motions, and his sentencing is currently scheduled for July 19, 2007.  Since plaintiff's conviction has not been invalidated, and he has not yet been sentenced, his claim for damages arising from the conviction must be dismissed without prejudice.  See Shelton v. Macey, 883 F. Supp. 1047, 1050, (E.D. Pa. 1995) (determining that Heck mandates dismissal of plaintiff's claim without prejudice to its renewal if and when his conviction is legally invalidated.)

### B. Special Relief

Plaintiff's requests for "criminal ... and/or administrative sanctions" and unspecified "equitable declaratory or injunctive relief," are not appropriate in a civil rights action under § 1985, which authorizes only monetary relief.  **III.**

### CONCLUSION

Based on the foregoing, plaintiff's complaint is dismissed without prejudice, pursuant to 28 U.S.C. § 1915e(2)(i).  In view of the Court's disposition of this matter, it does not rule on various other issues presented by plaintiff's claims

including, but not limited to, witness immunity and prosecutorial immunity.

An appropriate order follows.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

**CORBIN THOMAS**                        :          **CIVIL ACTION**
                                         :
         **v.**                          :
                                         :
**JOSEPH MCGETTIGAN, et al.**            :          **NO. 07-1893**

**O R D E R**

AND NOW, this        day of July, 2007, in accordance with the accompanying memorandum, IT IS HEREBY ORDERED that:

    1.    Leave to proceed in forma pauperis is GRANTED; and

    2.    This complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(i), with leave to amend as set forth in the accompanying memorandum.

                                  **BY THE COURT:**


                                  **/s/ Honorable Jan E. DuBois**
                                  **JAN E. DUBOIS, J.**